IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION FILE NO. 5:12-cv-00685-D

| | |
|---|---|
| DWAYNE COFFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MOTION TO DISMISS AND ANSWER** |
| ) | |
| WARREN COUNTY BOARD ) | |
| OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |

The Warren County Board of Education ("Board"), by and through its attorneys, answers Plaintiff's Complaint in this matter as follows:

### FIRST DEFENSE
### (Motion to Dismiss Pursuant to Rule 12(b)(6))

Plaintiff's Second Cause of Action (retaliation) fails to state a claim upon which relief can be granted and should be dismissed. As explained more fully in the brief filed contemporaneously with this Motion to Dismiss/Answer, Plaintiff cannot establish a claim of retaliation because he never exercised a right provided by USERRA prior to the nonrenewal of his contract. As explained in the Complaint, Plaintiff's contract was to serve as Assistant Principal at Warren County High School ("WCHS"). There is no allegation in the Complaint that Plaintiff was not returned to his position as an Assistant Principal at WCHS. Since Mr. Coffer never exercised a right protected by USERRA, his retaliation claim cannot stand.

### SECOND DEFENSE

As a further defense and without waiving any other defense, Defendant expressly denies Plaintiff's claims of discrimination and retaliation and states that any and all actions taken by the

school system were justified by legitimate concerns about Plaintiff's performance and/or conduct.

### THIRD DEFENSE

As a further defense and without waiving any other defense, to the extent that Plaintiff has failed to exercise ordinary care to minimize damage, Plaintiff's claims are barred by the doctrines of avoidable consequences and failure to mitigate damages.

### FOURTH DEFENSE

As a further defense and without waiving any other defense, Plaintiff's own conduct bars relief on the basis of waiver and estoppel.

### FIFTH DEFENSE

Defendant pleads any and all applicable immunities to which it may be entitled, including but not limited to, sovereign immunity and governmental immunity, in bar of Plaintiff's claims.

### SIXTH DEFENSE

Plaintiff's claim is barred by the doctrine of laches.

### SEVENTH DEFENSE

Defendant reserves the right to amend its Answer and to assert any additional defenses as additional evidence is discovered during the course of this litigation.

### EIGHTH DEFENSE
**(Answer)**
(Responses to Numbered Paragraphs of the Amended Complaint)

Defendant responds to the specific allegations in the numbered paragraphs of the Amended Complaint as follows:

1. Admitted.

2. The allegations in Paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 2 are denied.

3. The allegations in Paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 3 are denied.

4. Admitted.

5. Upon information and belief, the allegations in Paragraph 5 are admitted.

6. It is admitted that Principal Joyce Long interviewed Plaintiff and recommended to the Central Office that Plaintiff be offered an Assistant Principal position. It is further admitted that Superintendent Dr. Ray Spain recommended to the Board that Plaintiff be hired as an Assistant Principal. Except as specifically admitted herein, the allegations in Paragraph 6 are denied.

7. It is admitted that the Board approved a two-year administrator contract for Plaintiff on August 28, 2006. It is further admitted that Plaintiff renounced any rights to tenure he might have had in any administrative capacity. It is admitted that Mildred Broadnax served as an Assistant Principal at WCHS during the 2006-2007 school year. Except as admitted herein, the allegation in Paragraph 7 are denied.

8. It is admitted that Carolyn Faucette was hired as a teacher in 2004 and appointed to the position of Curriculum Specialist in 2007. Except as specifically admitted herein, the allegations in Paragraph 8 are denied.

9. Admitted.

10. Upon information and belief, the allegations in Paragraph 10 are denied.

11. Upon information and belief, the allegations in Paragraph 11 are admitted.

12. Admitted.

13. It is admitted that Ms. Faucette was appointed Acting Principal during the absence of Ms. Long. Except as specifically admitted herein, the allegations in Paragraph 13 are denied.

14. It is admitted that Ms. Faucette believed that she should continue as Acting Principal upon Plaintiff's return from military service, and that Plaintiff disagreed. Except as specifically admitted herein, the allegations in Paragraph 14 are denied.

15. It is admitted that Mr. Coffer expressed his belief that he should carry out the duties of principal at a meeting attended by Ms. Faucette, Assistant Principal Broadnax, and Assistant Superintendent Jefferies. Except as specifically admitted herein, the allegations in Paragraph 15 are denied.

16. It is admitted that Ms. Jefferies called Dr. Spain to inform him of the meeting that took place on April 9, 2008. Except as specifically admitted herein, the allegations in Paragraph 16 are denied.

17. Admitted.

18. Admitted.

19. It is admitted that the two evaluations currently in Mr. Coffer's personnel file generally rated him as "At Standard" or "Above Standard." It is denied that these evaluations were in Mr. Coffer's personnel file at the time he was recommended for non-renewal. Except as specifically admitted herein, the allegations in Paragraph 19 are denied.

20. Upon information and belief, the allegations in Paragraph 20 are denied.

21. It is admitted that Ms. Mason heard rumors from WCHS staff members that Mr. Coffer shared with teachers at the high school that he did not have to report for duty until the summer, but was to report earlier to get away from the school. Except as specifically admitted herein, the allegations in Paragraph 21 are denied.

22. It is admitted that Superintendent Spain informed Plaintiff that he would be recommended for non-renewal before the May 1 deadline required by statute. Except as specifically admitted herein, the allegations in Paragraph 22 are denied.

23. It is admitted that Mr. Coffer did not resign his position. Except as specifically admitted herein, the allegations in Paragraph 23 are denied.

24. It is admitted that the Board voted to non-renew Plaintiff's contract at its April 28, 2008 meeting. Except as specifically admitted herein, the allegations in Paragraph 24 are denied.

25. Denied.

26. Denied.

27. Admitted.

28. It is admitted that the law generally requires that subsequent contracts offered to school administrators following the initial two year contract be for four (4) years. Except as specifically admitted herein, the allegations in paragraph 28 are denied.

## FIRST CAUSE OF ACTION

29. As to the allegations in Paragraph 1 through 28 of the Complaint, Defendant realleges and incorporates by reference its responses to the numbered paragraphs as if fully set forth herein.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## SECOND CAUSE OF ACTION

34. As to the allegations in Paragraph 1 through 33 of the Complaint, Defendant realleges and incorporates by reference its responses to the numbered paragraphs as if fully set forth herein.

35. See First Defense (Motion to Dismiss pursuant to Rule 12(b)(6)), *supra.*, and Memorandum of Law in Support of Motion to Dismiss.

36. See First Defense (Motion to Dismiss pursuant to Rule 12(b)(6)), *supra.*, and Memorandum of Law in Support of Motion to Dismiss.

37. See First Defense (Motion to Dismiss pursuant to Rule 12(b)(6)), *supra.*, and Memorandum of Law in Support of Motion to Dismiss.

## ALLEGATION OF WILLFULNESS

38. As to the allegations in Paragraph 1 through 37 of the Complaint, Defendant realleges and incorporates by reference its responses to the numbered paragraphs as if fully set forth herein.

39. Denied.

40. Denied.

WHEREFORE, having answered each and every allegation contained in the Complaint, Defendant Board prays the Court as follows:

1. That Plaintiff have and recover nothing of Defendant, and that the claims be dismissed with prejudice;

2. That the costs of this action be taxed against Plaintiff;

3. That Plaintiff's prayer for relief be denied in its entirety;

4. That Defendant have and recover its attorneys fees as may be recoverable under applicable law; and

5. That Defendant have and recover such other and further relief as the Court may deem just and proper.

This the 19th day of December 2012.

Respectfully submitted,

/s/ Adam S. Mitchell
Adam S. Mitchell
*Attorneys for Defendant*
THARRINGTON SMITH, L.L.P.
209 Fayetteville Street
Post Office Box 1151
Raleigh, North Carolina 27602-1151
Telephone: (919) 821-4711
Fax: (919) 829-1583
E-mail: amitchell@tharringtonsmith.com
State Bar No. 36949


/s/ Lewis A. Thompson, III
Lewis A. Thompson, III
Banzet, Thompson, & Styers, PLLC
101 N. Front Street
Post Office Box 535
Warrenton, North Carolina 27589
Phone: (252) 257-3166
Fax: (252) 257-2053
Email: al.thompson@banzetlaw.com
State Bar No. 8058

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a copy of the foregoing MOTION TO DISMISS/ANSWER was this filed electronically this date using CM/ECF which will send notification of such filing to the following:

Seth M. Wood
Assistant United States Attorney
310 New Bern Avenue
Suite 800, Federal Building
Raleigh, NC 27601-1461
seth.wood@usdoj.gove
*Attorney for Plaintiff*

This the 19th day of December 2012.

/s/ Adam S. Mitchell
Adam S. Mitchell
*Attorneys for Defendant*
THARRINGTON SMITH, L.L.P.
209 Fayetteville Street
Post Office Box 1151
Raleigh, North Carolina 27602-1151
Telephone: (919) 821-4711
Fax: (919) 829-1583
E-mail: amitchell@tharringtonsmith.com
State Bar No. 36949

R0859551