IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION FILE NO. 5:12-cv-00685-D

DWAYNE COFFER,                    )
                                  )
          Plaintiff,              )
                                  )
    v.                            )     **MEMORANDUM OF LAW IN SUPPORT**
                                  )     **OF MOTION TO DISMISS**
WARREN COUNTY BOARD               )
OF EDUCATION,                     )
                                  )
          Defendant.              )

Defendant Warren County Board of Education (the "Board"), by and through its

attorneys, and pursuant to Local Civil Rules 7.1 and 7.2, submits this Memorandum of Law in

Support of its Motion to Dismiss.  For the following reasons, the Board respectfully requests that

its Motion to Dismiss be GRANTED.

## STATEMENT OF THE CASE

Plaintiff's Complaint seeks legal and equitable relief under the Uniformed Services

Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301–4335.

On November 14, 2012, this Court granted the Board an extension of time to respond to

the Complaint up to and including December 19, 2012.

The Board has timely filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure and an Answer.  This Memorandum of Law is submitted

pursuant to Local Civil Rules 7.1 and 7.2, E.D.N.C., in support of the Board's Motion to

Dismiss.

## STATEMENT OF THE FACTS

Plaintiff, a member of the United States Army Reserve, was an Assistant Principal at Warren County High School ("WCHS") from August 2006 to June 2008. Complaint ¶¶ 5, 7, 24. Plaintiff's employment was governed by a two-year contract. Id. ¶ 6. In February 2008, the principal of WCHS, Joyce Long, went on medical leave. Id. ¶ 10. Plaintiff alleges that Ms. Long "appointed" him "Acting Principal" for the pendency of her leave. Complaint ¶ 10. North Carolina law, however, does not contemplate a principal appointing an "Acting Principal" without Board authorization. See N.C. Gen. Stat. § 115C-289(a).

Pursuant to military orders, Plaintiff left his position as Assistant Principal from March 3, 2008 to April 4, 2008 in order to conduct an Army leadership course. Complaint ¶ 11. Plaintiff's request for military leave was approved by the district. Id. ¶ 12. Plaintiff alleges that "[w]hen [he] left WCHS to perform military service, Faucette [another employee of WCHS] was appointed to serve as Acting Principal in [his] absence." Id. ¶ 13. When Plaintiff returned from Military service, he was allowed to immediately resume his duties as Assistant Principal. Coffer claimed, however, that he should be allowed to resume his duties as "Acting Principal," even though he never legally occupied that position. Id. ¶¶ 14, 15. Plaintiff alleges that during an April 9, 2008 meeting, he "invoked his rights under USERRA" by arguing that he should have been "restored to the same position he had prior to leaving for military service – Acting Principal." Id. ¶ 15. Ms. Long returned to work within the next week and resumed her duties as principal. Id. ¶ 17. Subsequently, the Board opted not to renew Plaintiff's contract as an Assistant Principal. Id. ¶ 24.

Based on these events, Plaintiff states two causes of action. First, Plaintiff claims that the Board violated 38 U.S.C. § 4311(a) because "Plaintiff's performance of military service was a

motivating factor in the Board's decision not to renew Plaintiff's contract." Id. ¶ 32. Second,

Plaintiff claims that the Board violated 38 U.S.C. § 4311(b) because, "In not renewing Plaintiff's

contract within a month of Plaintiff's invocation of his USERRA rights, the Board took

retaliatory action against Plaintiff . . ." Id. ¶ 37. Plaintiff also seeks liquidated damages based on

the allegation that the Board's violations of USERRA were "willful."

## ARGUMENT

### I.     THE LEGAL STANDARD ON A MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Federal Rule of Civil Procedure 12(b)(6) allows a suit to be dismissed for failure to state

a claim upon which relief can be granted. For the purposes of ruling on a motion to dismiss, the

court should construe allegations in the complaint as true and take them in the light most

favorable to the plaintiff. See Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 764 (4th

Cir. 2003). Nevertheless, the court "need not accept the legal conclusions drawn from the facts

[or] . . . unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts.,

Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); Kloth v. Microsoft Corp.,

444 F.3d 312, 319 (4th Cir. 2006). A motion to dismiss therefore "allows a court to eliminate

actions that are fatally flawed in their legal premises." Parham v. Pepsico, Inc., 927 F. Supp.

177, 178 (E.D.N.C. 1995). Allegations that are no more than conclusions are not entitled to the

assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950-51 (2009).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)). A claim is factually plausible if the plaintiff provides enough factual content to enable

the court to reasonably infer that the defendant is liable for the misconduct alleged. <u>Ashcroft</u>, 556 U.S. at 678. This plausibility requirement "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that [the] defendant has acted unlawfully." <u>Id.</u> Thus, while the complaint need not contain detailed factual allegations, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (citation omitted). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true. <u>Id.</u> (citation omitted).

To state a claim of retaliation under USERRA, a plaintiff must show that his employer took an adverse employment action against him because he exercised a right provided by USERRA. <u>Gordon v. Wawa, Inc.</u>, 388 F.3d 78, 84 (3d Cir. 2004) (quoting 38 U.S.C. § 4311(b), (c)(2)). An employer will be liable if a plaintiff shows that his exercise of USERRA rights was a motivating factor for the adverse employment action, "unless the employer can prove that the action would have been taken in the absence of such person's . . . exercise of a right." <u>Id.</u>

## II. PLAINTIFF HAS NOT STATED A CLAIM OF RETALIATION UNDER USERRA.

Plaintiff cannot state a claim for retaliation because he did not exercise a right provided by USERRA prior to the nonrenewal of his contract. Plaintiff had no right to reinstatement as Acting Principal, and any attempted invocation of USERRA with regard to the Acting Principal position was wrongful. The Board could therefore not have "retaliated" against Plaintiff, as he never exercised a right that could have served as the basis for retaliation. Pursuant to 38 U.S.C. § 4311(b) and circuit court case law, Plaintiff's Second Cause of Action must be dismissed.

Before leaving to complete his military service, Plaintiff occupied the position of Assistant Principal. While Plaintiff claims that Ms. Long "appointed" him Acting Principal for the remainder of her absence, Plaintiff has not alleged that the Board took any action to appoint him to any position other than Assistant Principal. Without action by the Board, any action by Ms. Long was without legal significance. See N.C. Gen. Stat. § 115C-289(a). Thus, when Plaintiff returned from military service, he was entitled to continued employment as an Assistant Principal, not as the Acting Principal. See 38 U.S.C. §§ 4312, 4313 (providing for the reemployment rights of persons who serve in the uniformed services).

As stated above, to state a retaliation claim under USERRA, a plaintiff must allege that he has exercised a right provided by USERRA. See 38 U.S.C. § 4311(b). In his Complaint, Plaintiff does not specifically state what right provided by USERRA he attempted to invoke during the April 9, 2008 meeting. See Complaint ¶ 15. Although it is not clear, Plaintiff may have been referring to either 38 U.S.C. §§ 4312, 4313, which outline the reemployment rights of service members, or 38 U.S.C. § 4311(a), which states that service members "shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of [] membership, application for membership, performance of service, application for service, or obligation."

The reemployment statutes, 38 U.S.C. §§ 4312, 4313, were inapplicable to Plaintiff for at least two reasons. First, Plaintiff never stopped being employed by the Board. It would thus be impossible for Plaintiff to have been "reemployed." See Petty v. Metro. Gov't of Nashville & Davidson Cnty., 687 F.3d 710, 716 (6th Cir. 2012) ("At the point of rehire, §§ 4312 and 4313 entitle a returning veteran to reemployment . . . ") (emphasis added). Second, in the event Plaintiff had actually sought to be reemployed, he would have only been entitled to

reemployment as an Assistant Principal. 38 U.S.C. § 4313(a)(1)(A) states that "in the case of a person whose period of service in the uniformed services was for less than 91 days," that person is to be reemployed "in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, the duties of which the person is qualified to perform."

Additionally, 20 C.F.R. § 1002.191 provides that

> [a]s a general rule, the employee is entitled to reemployment in the job position that he or she would have attained with reasonable certainty if not for the absence due to uniformed service. This position is known as the escalator position. The principle behind the escalator position is that, if not for the period of uniformed service, the employee could have been promoted (or, alternatively, demoted, transferred, or laid off) due to intervening events.

In this case, it is reasonably certain Plaintiff would have remained in his Assistant Principal position "if not for the absence due to uniformed service." Plaintiff was never validly appointed Acting Principal and his military service only lasted one month. In applying the "escalator principle," most courts have not speculated about hypothetical promotions an employee could have possibly received, but instead have looked primarily at "seniority ladders or collective bargaining agreements" to determine whether an employee would have received a promotion. See Milhauser v. Minco Products, Inc., 855 F. Supp. 2d 885, 896 (D. Minn. 2012) ("[M]any of the cases in which the escalator principle has been analyzed seem to involve either seniority ladders or collective bargaining agreements."); Uniformed Services Employment and Reemployment Rights Act of 1994, As Amended, 70 Fed. Reg. 75246-01, at 75271 (Dec. 19, 2005) ("[C]ase law and longstanding Departmental policy are clear that if the promotion depends 'not simply on seniority or some other form of automatic progression but on an exercise of discretion on the part of the employer,' the returning service member may not be entitled to the

promotion.").  There is no indication that the Board would have promoted Plaintiff to Acting

Principal had Plaintiff not been absent for a month to complete military service.

Similarly, 38 U.S.C. § 4311(a) would have been inapplicable to Plaintiff because none of

its enumerated adverse employment actions were taken against him.  Plaintiff might have argued

that he was denied his right to "retention in employment," but he only had a right to retain his

position as Assistant Principal, as he was never validly appointed Acting Principal.  As stated

previously, Plaintiff's status as an Assistant Principal was not affected by his military service.

Plaintiff therefore could not have "exercised a right provided" by USERRA, as none of his rights

had been implicated.

The Fourth Circuit has held in an unpublished case that "[t]he initial inquiry in a

USERRA retaliation claim is whether the employee exercised his rights under the USERRA,

thereby placing him within the ambit of § 4311(b)."  Bunting v. Town of Ocean City, No. 10–

1140, 409 F. App'x 693, 696 (4th Cir. Jan. 13, 2011) (unpublished) (citing Wallace v. San

Diego, 479 F.3d 616, 624 (9th Cir.2007)); see also Otero v. New Mexico Corr. Dep't, 640 F.

Supp. 2d 1346, 1353 (D.N.M. 2009) ("To support [a retaliation claim], Plaintiff must first show

that he took an action protected by USERRA.").

The Third Circuit has also noted this requirement in Gordon v. Wawa, 388 F.3d 78 (3d

Cir. 2004).  In Gordon, a member of the Army Reserve drove to his employer's place of business

on the way home from military duty to receive his paycheck.  388 F.3d at 80.  His shift manager

then ordered him to work that night's shift or be terminated.  Id.  The reserve member chose to

work the shift, and while driving home afterward he fell asleep and crashed, ultimately dying as

a result of his injuries.  Id.  His mother brought a suit under USERRA as the administratrix of his

estate, alleging that her son was deprived of his right to an eight-hour rest period and that the

manager's threat of termination constituted a retaliatory adverse employment action under

§ 4311(b). Id. The district court dismissed the case for failure to state a claim. Id. On appeal,

the Third Circuit first held that USERRA does not provide a right to an eight-hour rest period.

Id. at 82-83. With regard to the plaintiff's retaliation claim, the court noted that the protections

of § 4311(b) are triggered if a person "has exercised a right provided" by USERRA. Id. at 84

(quoting 38 U.S.C. § 4311(b)). The court then held that the plaintiff had failed to state a claim

under § 4311(b) because she did not allege that her son "attempted to exercise a right provided

by USERRA, as required by § 4311(b), because, as we have held above, USERRA does not

confer a right to rest." Id. The court thus held that there can be no retaliatory action by an

employer if the plaintiff failed to exercise a right that is actually provided by USERRA. Id.; see

also Cecily Fuhr, Cause of Action for Employment Discrimination Based on Military Service

Under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38

U.S.C.A. §§ 4301 et seq., 47 Causes of Action 2d 1, § 13 (West 2012) ("[A]n employer can

defend against a retaliation claim by showing that the defendant's efforts were not in the service

of a right actually available under the statute.").

    In this case, USERRA did not provide Plaintiff any right to serve as Acting Principal.

When Plaintiff left for reserve duty he was an Assistant Principal, and when he returned from

uniformed service he continued his duties as an Assistant Principal. Thus, when Plaintiff argued

that he should have been allowed to continue his duties as Acting Principal, he did not

"exercise[] a right provided by USERRA" and place himself "within the ambit of § 4311(b)."

Bunting v. Town of Ocean City, 409 F. App'x at 696. Pursuant to Gordon, § 4311(b) is

therefore inapplicable to any subsequent employment action taken against Plaintiff, and he

cannot state a claim for retaliation. For this reason, Plaintiff's Second Cause of Action must be dismissed.

Respectfully submitted, this the 19th day of December 2012.

/s/Adam S. Mitchell
Adam S. Mitchell
*Attorney for Defendant*
*Warren County Board of Education*
THARRINGTON SMITH, L.L.P.
209 Fayetteville Street
Post Office Box 1151
Raleigh, North Carolina 28602-1151
Telephone: (919) 821-4711
Fax: (919) 829-1583
Email: amitchell@tharringtonsmith.com
State Bar No. 36949

/s/ Lewis A. Thompson, III
Lewis A. Thompson, III
*Attorney for Defendant*
*Warren County Board of Education*
Banzet, Thompson, & Styers, PLLC
101 N. Front Street
Post Office Box 535
Warrenton, North Carolina 27589
Phone: (252) 257-3166
Fax: (252) 257-2053
Email: al.thompson@banzetlaw.com
State Bar No. 8058

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **Memorandum of Law in Support of Motion to Dismiss** was filed electronically this date using CM/ECF which will send notification of such filing to the following:

> Seth M. Wood
> Assistant United States Attorney
> 310 New Bern Avenue
> Suite 800, Federal Building
> Raleigh, NC 27601-1461
> seth.wood@usdoj.gove
> *Attorney for Plaintiff*

This the 19th day of December 2012.

> /s/Adam S. Mitchell
> Adam S. Mitchell
> *Attorney for Defendant*
> *Warren County Board of Education*
> THARRINGTON SMITH, L.L.P.
> 209 Fayetteville Street
> Post Office Box 1151
> Raleigh, North Carolina 28602-1151
> Telephone: (919) 821-4711
> Fax: (919) 829-1583
> Email: amitchell@tharringtonsmith.com
> State Bar No. 36949

R0859616