IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-685-D

| | | |
|---|---|---|
| DWAYNE COFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | RESPONSE IN OPPOSITION |
| v. | ) | TO DEFENDANT'S MOTION TO |
| | ) | DISMISS COUNT TWO OF |
| WARREN COUNTY BOARD OF | ) | THE COMPLAINT |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, by and through the United States Attorney for the Eastern District of North Carolina, submits this response in opposition to Defendant's motion to dismiss Count Two of Plaintiff's complaint. [DE-8, 9].

STATEMENT OF THE CASE

Plaintiff filed this action on October 19, 2012. [DE-1]. Plaintiff alleges that the Defendant Board of Education violated two provisions of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. §§ 4301-4335, when it failed to renew his contract as an Assistant Principal. First, Plaintiff alleges that Defendant violated 38 U.S.C. § 4311(a) (prohibiting discrimination against service members in "initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer" on the basis of military service) (Count One). [DE-1

at 4-5].

Second, Plaintiff alleges that Defendant's decision not to renew Plaintiff's contract was in retaliation to the exercise of his USERRA rights and violated 38 U.S.C. § 4311(b) (prohibiting employment discrimination or any adverse employment action because, inter alia, an individual "has taken an action to enforce a protection afforded any person under" USERRA) (Count Two). [DE-1 at 5]. Plaintiff also alleges that Defendant willfully violated USERRA, thereby entitling him to liquidated damages pursuant to 38 USC § 4323(d)(1)(C). [DE-1 at 5].

STATEMENT OF FACTS

With respect to the retaliation claim Defendant seeks to dismiss, Plaintiff has alleged the following facts, which are taken as true for purposes of a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009) ("In considering such a motion [under Rule 12(b)(6)], we accept as true as well-pleaded allegations and view the complaint in the light most favorable to the plaintiff.").

Plaintiff is a Sergeant First Class in the United States Army Reserve. [DE-1 at 1-2, ¶ 5]. In August of 2006, Defendant approved a two-year contract for Plaintiff to serve as an Assistant Principal at Warren County High School (WCHS). [DE-1

at 2, ¶ 7]. Plaintiff's primary duties as an Assistant Principal concerned disciplinary matters for ninth and eleventh grade students. [DE-1 at 2, ¶ 9].

In February of 2008, Joyce Long, the Principal at WCHS, left WCHS to have back surgery. [DE-1 at 2, ¶ 10]. Long appointed Coffer as Acting Principal at WCHS, and he carried out the duties of that position. [DE-1 at 2, ¶ 10]. Between March 3, 2008, and April 4, 2008, Plaintiff, pursuant to military orders, conducted an Army leadership course in Delaware. [DE-1 at 2, ¶ 11]. Defendant approved Plaintiff's request for military leave to conduct this leadership course. [DE-1 at 2, ¶ 12]. During Plaintiff's absence, Carolyn Faucette was appointed Acting Principal at WCHS. [DE-1 at 2, ¶ 13].

After Plaintiff completed his required military service and after he returned to WCHS, he and Faucette disagreed as to who should assume the duties of Acting Principal. [DE-1 at 3, ¶ 14]. At an April 9, 2008, meeting attended by Faucette, Coffer, and other school staff, Plaintiff "invoked his rights under USERRA [and] stated that he should be restored to the same position he had prior to leaving for military service – Acting Principal." [DE-1 at 3, ¶ 15]. The Assistant Superintendent of Warren County Schools notified Ray Spain, the Superintendent of Warren County Schools, of this meeting. [DE-1 at 3, ¶ 16].

On April 25, 2008, Spain informed Plaintiff that he would not recommend that the Warren County Board of Education renew his contract as an Assistant Principal. [DE-1 at 4, ¶ 22]. On April 28, 2008, Defendant adopted Spain's recommendation and voted not to renew Plaintiff's contract. [DE-1 at 4, ¶ 24]. Plaintiff alleges that Spain's "recommendation to the Board not to renew Plaintiff's contract – made within a month of Plaintiff's invocation of his rights under USERRA – was in retaliation to Plaintiff's invocation of his USERRA rights." [DE-1 at 5, ¶ 35].

ARGUMENT

I. Standard in Considering Motion to Dismiss Under Rule 12(b)(6).

"When ruling on a Rule 12(b)(6) motion to dismiss, 'a judge must accept as true all of the factual allegations contained in the complaint.'" E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc., 637 F.3d 435, 448 (4th Cir. 2011) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Civil actions must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The complaint, however, "need only give the defendant fair

4

notice of what the claim is and the grounds upon which it rests." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (internal quotation marks omitted). Additionally, "'all reasonable inferences' must be drawn in favor of the complainant." E.I. du Pont, 637 F.3d at 448 (quoting Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009)).

II. Plaintiff Has Stated a Claim Under 38 U.S.C. § 4311(b).

In order to state a claim under 38 U.S.C. § 4311(b), Plaintiff must allege that he was subject to an adverse employment action or employment discrimination because, inter alia, he "has taken an action to enforce a protection afforded any person" under USERRA or "has exercised a right provided for" under USERRA.[1] 38 U.S.C. § 4311(b)(1), (b)(4). As Plaintiff has alleged and as this Court must assume for purposes of Defendant's motion, he suffered an adverse employment action within a month of invoking his rights under USERRA. [DE-1 at 3-4, ¶¶ 14-16, 22].

That is, within a month of invoking USERRA as the basis for

---

1 "Although the term 'retaliation' is not used in USERRA, the gravamen of [§ 4311(b)] is to prohibit adverse actions taken in retaliation for the exercise of the rights provided by USERRA." Wallace v. City of San Diego, 479 F.3d 616, 625, n.1 (9th Cir. 2007).

5

his return to the Acting Principal position[2] and within a month of the superintendent of the Board of Education being informed of this invocation, Plaintiff's contract was not renewed. [DE-1 at 3-4, ¶¶ 14-16, 22]. Plaintiff also specifically alleged that the non-renewal decision was made "in retaliation to Plaintiff's invocation of his USERRA rights." [DE-1 at 5, ¶ 35].

Defendant's sole argument in his motion to dismiss is that Plaintiff "did not exercise a right provided by USERRA" because he "had no right to reinstatement as Acting Principal[.]" [DE-9 at 4]. In support of this argument, Defendant claims that Plaintiff could not have served as an Acting Principal because the Board of Education did not approve such an appointment. See N.C. Gen. Stat. 115C-289(a) (2008). Defendant's argument fails for two reasons.

First, Defendant's argument that Plaintiff was never appointed an "Acting Principal" amounts to a factual dispute that is best resolved through the discovery process. Plaintiff has alleged that Principal Long appointed Plaintiff Acting Principal upon her departure for surgery and that "he carried out the duties of that position" for approximately a month. [DE-1 at 2]. Given that Plaintiff's pled facts are to be taken as true and all reasonable inferences are to be given to

---

2 This provision is contained at 38 U.S.C. § 4313(a)(1)(A).

6

Plaintiff for purposes of Defendant's Rule 12(b)(6) motion, Nemet Chevrolet, 591 F.3d at 253, whether Plaintiff was appointed an Acting Principal and the nature of that appointment are fact issues to be resolved during discovery.

Second, Plaintiff had an objective good faith basis when he invoked his USERRA rights to seek reemployment. In invoking his rights, Plaintiff took "an action to enforce a protection afforded" him under USERRA. 38 U.S.C. § 4311(b)(1).[3]

In analogous employment retaliation cases, the plaintiff does not have to be correct in invoking the protections of a statute. Instead, the plaintiff simply must have a reasonable and objective good-faith basis for invoking the civil rights statute. See, e.g., Peters v. Jenney, 327 F.3d 307, 321 (4th Cir. 2003) (holding, with respect to a Title VI retaliation claim, that a plaintiff must "subjectively (that is, in good faith)" believe that an unlawful practice has occurred and that such a belief "was objectively reasonable in light of the facts" (internal quotation marks and citation omitted)); Freilich v. Upper Chesapeake Health, Inc., 313 F.3d 205, 216 (4th Cir. 2002)

---

3 USERRA specifically provides that, for military leave of less than 91 days, the employee shall be promptly reemployed "in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, the duties of which the person is qualified to perform." 38 U.S.C. § 4313(a)(1)(A).

7

(holding, with respect to an Americans with Disabilities Act retaliation claim, that the "complainant must allege the predicate for a reasonable, good faith belief that the behavior she is opposing violates the ADA").

Similarly, as the Fourth Circuit held in Dea v. Washington Suburban Sanitary Comm'n, 11 F. App'x 352, 357-58 (4th Cir. 2001) (unpublished), a "Title VII plaintiff bringing a claim for retaliation need not establish that the employment practice he opposed in fact violated Title VII . . . . At a minimum, however, a plaintiff bringing a claim for retaliation must have held a reasonable, good faith belief that the employment practice he opposed was violative of Title VII." (citing Bigge v. Albertsons, 894 F.2d 1497, 1503 (11th Cir. 1990)). Such a belief "must be objectively reasonable in light of the facts and record presented." Id. at 358.

This basic rule of good faith applies in the USERRA context as well. See Cook v. CTC Communications Corp., 2007 WL 3284337, at *10 (D.N.H. 2007) (holding, with respect to a USERRA retaliation claim, that, in "other employment retaliation cases, a plaintiff need not prove an underlying violation but only that she had a reasonable and good faith belief that a violation of the applicable statute occurred" and that such a "rule applies here"). As the Fourth Circuit has held, the Court should

"broadly construe[]" USERRA's provisions in favor of Plaintiff. Hill v. Michelin North America, Inc., 252 F.3d 307, 312-13 (4th Cir. 2001) ("Because USERRA was enacted to protect the rights of veterans and members of the uniformed services, it must be broadly construed in favor of its military beneficiaries."). Applying the good-faith construction from other civil rights retaliation statutes would ensure that service members such as Plaintiff are both protected from substantive discrimination – the kind addressed in Count One of Plaintiff's claim – and retaliation in response to invoking one's rights under USERRA.

Plaintiff's complaint satisfies this good-faith standard. Plaintiff has alleged: that the Principal appointed him as Acting Principal in February of 2008 [DE-1 at 2, ¶ 10]; that he was under military orders to conduct an Army leadership course; [DE-1 at 2, ¶ 11]; that he went on approved military leave from March 3, 2008 to April 4, 2008, to conduct this course [DE-1 at 2, ¶ 12]; and that, upon his return, he invoked his USERRA rights and stated that he should be re-appointed Acting Principal, the position he had at the time he went on military leave. [DE-1 at 3, ¶ 15]. Based on these factual allegations and USERRA's reemployment provisions, see 38 U.S.C. §§ 4312(a), 4313(a)(1)(A), Plaintiff had an objective and reasonable good-faith basis to invoke USERRA. Plaintiff also alleged that the

9

adverse employment action (the failure to renew his contract) "was in retaliation to" the invocation of his USERRA rights. [DE-1 at 5, ¶ 35]. As a result, Defendant's motion to dismiss fails.

Defendant's citation to Bunting v. Town of Ocean City, 409 F. App'x 693, 696 (4th Cir. 2011) (unpublished), does not support its claim. [DE-9 at 7-8]. Although the Court in Bunting stated that the "initial inquiry in a USERRA retaliation claim is whether the employee exercised his rights under the USERRA, thereby placing him within the ambit of § 4311(b)," it did not address in detail what kind of specific behavior might trigger USERRA retaliation protection. Id. Indeed, the language from Bunting suggests that a plaintiff only must exercise his rights – not correctly determine whether his rights actually apply.

Notably, in Bunting, the Court of Appeals affirmed the grant of summary judgment on the non-retaliation USERRA claim but reversed as to the retaliation claim. Id. Although the Court agreed that there was insufficient evidence of direct discrimination, it held that the retaliation claim could proceed. Id. Thus, even though plaintiff alleged an ultimately unsuccessful USERRA complaint to her employer and to the Department of Labor, such allegations were sufficient to support

10

a USERRA retaliation claim.  Id.

Indeed, the Fourth Circuit's ruling in Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299 (4th Cir. 2006), cuts against Defendant's arguments. In Francis, the USERRA plaintiff alleged a retaliation claim based on her challenge of conduct that she thought violated USERRA. Even after concluding that the defendant's conduct did not violate other provisions of USERRA, id. at 302-09, the Fourth Circuit appeared to assume[4] that plaintiff "exercise[d] her USERRA rights" for retaliation purposes by informing defendant "that she believed that her USERRA rights were being violated." Id. at 309.

Thus, even though plaintiff was ultimately incorrect in believing that her USERRA rights were violated, the Court of Appeals assumed that she exercised her USERRA rights for purposes of a retaliation claim. Id. The Court then addressed and affirmed the dismissal[5] of the retaliation claim on another ground. Id.[6] As a result, the Court declined to adopt the

---

4 The Fourth Circuit panel did not expressly discuss whether plaintiff exercised her USERRA rights. Instead, it noted what plaintiff alleged to her employer, referred to the "exercise of [plaintiff's] USERRA rights," and focused on other aspects of a USERRA retaliation claim.

5 The district court in Francis granted summary judgment in favor of defendant.

6 The Fourth Circuit held that the "actions which led to [plaintiff's] probation and termination began before her

11

approach Defendant is advocating in its motion to dismiss.

The Court should also disregard Plaintiff's citation to Gordon v. Wawa, 388 F.3d 78 (3d Cir. 2004). [DE-9 at 7-8]. In addition to the fact that Gordon does not bind this Court, its holding does not directly address whether Plaintiff has adequately stated a retaliation claim in this case. In Gordon, the Third Circuit provided several reasons for affirming the district court's dismissal of plaintiff's retaliation claim, including that plaintiff did not allege that he attempted to assert any kind of right. Id. at 84. Although the Court of Appeals held that a rest period was not a right provided under USERRA, it only did so in addressing one part of USERRA's retaliation provision. Id. (quoting 38 U.S.C. 4311(b)(4) (allowing retaliation protection for "exercis[ing] a right provided for" under USERRA)).

Importantly, the Gordon court did not address the contours of what it means for an employee to take "an action to enforce a protection afforded any person under" USERRA. 38 U.S.C. § 4311(b). The protection that Plaintiff sought to protect in this case – reemployment rights – is expressly provided under 38 U.S.C. §§ 4312-13. Given the objective good-faith basis
---
protected activity, belying the conclusion that a reasonable factfinder might find that [defendant's] activity was motivated by [plaintiff's] USERRA complaints." Francis, 452 F.3d at 309.

12

Plaintiff had in invoking such a right, he has stated a retaliation claim. As a result, the Court should deny Defendant's motion to dismiss Count Two of this action.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss.

Respectfully submitted, this 9th day of January, 2013.

        THOMAS G. WALKER
        United States Attorney


        By:  /s/ Seth M. Wood
            SETH M. WOOD
        Attorney for Plaintiff
        Assistant U.S. Attorney
        U.S. Attorney's Office
        Civil Division
        310 New Bern Avenue, Suite 800
        Raleigh, NC  27601-1461
        Telephone:  (919) 856-4530
        Facsimile:  (919) 856-4821
        Email: seth.wood@usdoj.gov
        D.C. Bar # 491011

CERTIFICATE OF SERVICE

I do hereby certify that on this 9th day of January, 2013, I have served a copy of the foregoing on the below listed parties by electronically filing the foregoing with the Clerk of Court using the CM/ECF system:

Adam S. Mitchell
Attorney for Defendant
Warren County Board of Education
THARRINGTON SMITH, L.L.P.
209 Fayetteville Street
Post Office Box 1151
Raleigh, North Carolina 28602-1151
Telephone: (919) 821-4711
Fax: (919) 829-1583
Email: amitchell@tharringtonsmith.com

By: /s/ Seth M. Wood
SETH M. WOOD
Attorney for Plaintiff
Assistant U.S. Attorney
U.S. Attorney's Office
Civil Division
310 New Bern Avenue, Suite 800
Raleigh, NC 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
Email: seth.wood@usdoj.gov
D.C. Bar # 491011